## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

TARONE M. JONES,

        Petitioner,

vs.

UNITED STATES OF AMERICA,

        Respondent.

No. C 11-4028-MWB
(No. CR 08-4018-MWB)

**ORDER TO FILE STATUS REQUEST AND NOTICE AND DISMISSING REQUESTS FOR RELIEF**

_____

On March 21, 2013, I received a document from petitioner Jones, via first class United States mail, post-marked March 18, 2013, and entitled "Status Request And Notice To The Court" (March 18, 2013, Document). The March 18, 2013, Document is in two parts. The first part, that is, pages 1-3, appears to be the "Status Request." The second part, that is, pages 3-7, begins with the caption "Notice To The Court."

Jones's identification of the March 18, 2013, Document as a "Status Request" suggests that he is seeking information about the status of the stay of his September 17, 2012, *Pro Se* For Leave To File An Appeal To [sic] The Denial Of C.O.A. And Leave [To File] A Notice Of Appeal [Of] Section 2255 Motion (Motion For Leave) (Civ. docket no. 26) pursuant to my November 9, 2012, Order Staying Consideration Of Petitioner's Motion To Reconsider (Stay Order) (Civ. docket no. 28). That is not the case, however.[1]

Rather, in the first part of the March 18, 2013, Document, Jones asserts that, contrary to my Stay Order, his Motion For Leave "'IS NOT' a motion to 'reconsider' pursuant to Rule 59 or Rule 60, nor is it, and 'IS NOT' a successive 2255 Motion."

---

[1]As I noted in my March 20, 213, Order Lifting Stay, Denying Motion, And Dismissing Action (docket no. 32), the Eighth Circuit Court of Appeals has dismissed Jones's appeal, which made it appropriate for me to lift the prior stay on consideration of Jones's Motion For Leave, deny that motion, and dismiss this action.

Jones explains that, in his Motion For Leave, he "simply prayed and asked to reconsider the denial of the C.O.A. [certificate of appeability]."

Jones then asserts that his "2255 Motion should be Granted and the entire conviction be Vacated and/or Overturned due to the Errors and Constitutional Violations with a 'Status Report' too [sic] more fully explain the status of this current case because of all the following facts below." March 18, 2013, Document at 1. In numbered paragraphs 1 through 5, Jones states facts or evidence, which he asserts was not elicited at his trial, that demonstrates that the state warrant for a search of his premises misled the magistrate, because it was based on untruthful statements in the supporting affidavit; that he has now provided that search warrant, which was not previously in the § 2255 record; that depositions of the officers who obtained the search warrant do not support allegations about him brandishing a firearm, dealing drugs, or chasing anyone into the street with a gun or knife; that the invalid state warrant continues to harm him, because it places him in a higher custody level in prison; and that state court records demonstrate that an alleged prior assault in Massachusetts was not a felony offense. March 18, 2013, Document, 1-3.

This part of the March 18, 2013, Document seeks the following relief:

> Wherefore, Petitioner Mr. Jones Prays that this Honorable Court provide him with a "status report" with an Order to Grant his 2255 motion and Vacate and/or overturn his entire conviction due to the invalid state search warrant and determine that, without the untrue, false, deliberate and intentionally misled statements, the warrant was not supported by probable cause; or In the alternitive previde him with an attorney and hold an evidentiary hearing to determine whether such portions of the affidavit that the affiant Diekman's statements did violate Mr. Jones's Fourth Amendment Rights, he do Pray this Court respect his requests.

March 18, 2013, Document at 3.

As in his Motion For Leave (Civ. docket no. 26), Jones asserts in the March 18, 2013, Document that he is entitled to § 2255 relief, because he has additional evidence,

including the search warrant and application/affidavit, that was not previously part of the § 2255 record. The difference between the two documents is that Jones now sets forth in considerably more detail in the March 18, 2013, Document what he believes the additional evidence proves and why. Thus, if anything, Jones's March 18, 2013, Document is more clearly than his Motion For Leave a "second or successive" § 2255 motion, which requires certification by a court of appeals before filing. *See* 28 U.S.C. §§ 2244(b)(3)(A). This is so, notwithstanding Jones's denial that he is attempting to assert a second § 2255 Motion, because his "Status Report" does not simply assert "some defect in the integrity of the federal habeas proceedings," *see Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005), or "'that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.'" *Ward v. Norris*, 577 F.3d 925, 933 (8th Cir. 2009) (quoting *Gonzalez*, 545 U.S. at 532 n.4). Rather, it presents a "claim" in that it makes an attack on the "federal court's previous resolution of the claim on the merits." *See Ward*, 577 F.3d at 933. Again, in the March 13, 2013, Document, the attack on the merits is on the basis of additional evidence—the "search warrant and application/affidavit," not previously presented in support of the claim for § 2255 relief, but which Jones reiterates in the March 18, 2013, Document should "overturn his entire conviction."

Consequently, the relief requested in the first part of Jones's March 18, 2013, Document must be denied, because that part of the March 18, 2013, Document is a "second or successive" § 2255 motion filed without the required certification by the Eighth Circuit Court of Appeals. *See* 28 U.S.C. §§ 2244(b)(3)(A).

The second part of the March 18, 2013, Document, entitled "Notice To The Court," explains the following:

> Mr. Jones has some issues dealing with the P.S.I [Pre-Sentence Investigation Report] that needs to be address and Corrected A.S.A.P. These issues is causing harm to his

> instant Custody Classification again. The last time the issue
> was about false and untrue statements and allegations that are
> contained inside the P.S.I., which in fact were noticed,
> verified, and clearly corrected by E-mail from U.S.P.O. Stacy
> Sturdevant; But the P.S.I. was not amended or corrected. The
> P.S.I. still contained these false and untrue statements and
> allegations that needs to be corrected and redact and/or
> amended to the P.S.I. below[.]

March 18, 2013, Document at 3. In paragraphs labeled A, B, and 3, Jones then asserts

that there are certain false statements in the P.S.I., concerning brandishing of a firearm

and chasing another person into the street with a knife or pistol, that are causing his

"Custody Classification Base Score Severity for the Instant Offense Conduct" to be too

high, and that the trial testimony of an eyewitness demonstrates that the statements are

false; that he was never guilty of "failure to appear," as reflected in the P.S.I., which is

also continuing to affect his custody classification, so that it must be corrected; and that

a DVD recording of one of the witnesses, John Herrick, shows that the witness lied, made

misleading statements, and omitted statements in support of the state warrant, which Jones

asserts is enough evidence to overturn his federal conviction. March 18, 2013, Document

at 4-7. This part of the March 18, 2013, Document prays for the following relief:

> This Honorable Court needs to take a look at this very
> substantial information A.S.A.P., so that this Honorable Court
> will allow Mr. Jones to be treated as a fair human being and
> overturn his Conviction with this information being noticed by
> the Honorable Mark W. Bennett.

March 18, 2013, Document at 7.

This part of Jones's March 18, 2013, Document also presents a "claim" in the form

of an attack on the "federal court's previous resolution of the claim on the merits." *See*

*Ward*, 577 F.3d at 933. Indeed, it asserts both a challenge to Jones's conviction and a

challenge to findings at his sentencing, based on the P.S.I., upon which his present custody

classification is based. Consequently, the relief requested in the second part of Jones's

4

March 18, 2013, Document must also be denied, because that part of the March 18, 2013, Document is also a "second or successive" § 2255 motion filed without the required certification by the Eighth Circuit Court of Appeals. *See* 28 U.S.C. §§ 2244(b)(3)(A).

THEREFORE,

1.     The Clerk of Court is directed to file petitioner Jones's March 18, 2013, Status Request And Notice To The Court as a Second Petition For § 2255 Relief;

2.     Jones's Second Petition For § 2255 Relief is **denied**, because it is a "second or successive" § 2255 motion filed without the certification by the Eighth Circuit Court of Appeals required by 28 U.S.C. §§ 2244(b)(3)(A); and

3.     This action is **dismissed** in its entirety.

**IT IS SO ORDERED.**

**DATED** this 22nd day of March, 2013.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA